# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

EDWARD W.,

    *Plaintiff,*

v.

FRANK BISIGNANO, Commissioner of
Social Security,

    *Defendant.*

Case No. 1:24-cv-01190-RLH

## ORDER & OPINION

The Court issued its Order & Opinion and entered judgment in this case on February 23, 2026. Edward now moves to alter that judgment under Rule 59(e), arguing that the Court misapplied Seventh Circuit precedent and thereby committed a manifest error of law. The Court disagrees, so Edward's Motion will be denied.

## LEGAL STANDARD

"Judgments in civil cases fix the rights of parties and entitle them to go about their lives. They may be reopened only for extraordinary reasons." *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 830 (7th Cir. 1985). One extraordinary reason may be found when the court commits "a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). And "manifest" errors entail the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Absent such an error, the availability of appellate review and interest in finality dictate that successful Rule 59(e) motions are "rare." *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013).

## DISCUSSION

Edward challenges the Court's conclusion that it cannot review the Appeals Council's treatment of his new evidence. Admittedly, this is a "swampy area of Social Security appeals law." *Goratowski v. Kijakazi*, No. 21-cv-1054, 2022 WL 11054083, at *4 (E.D. Wis. Oct. 19, 2022). And recent amendments to the governing regulations have divided district courts in this circuit. Indeed, one of them aptly observed that "[c]onfusion pervades virtually every phase" of the analysis. *Id.* at *5. This Court sided with those who have denied review but conceded that reasonable minds differ on the question. Edward disagrees with the Court's conclusion. But his disagreement falls short of the "manifest error of law" Rule 59(e) demands.

To recap: When a claimant submits new evidence to the Council, it "will review" the ALJ's decision if it determines that the evidence is "[1] new, [2] material, and [3] relates to the period on or before the date of the hearing decision, and [4] there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). Two aspects of Seventh Circuit precedent interpreting the old regulation matter here.[1] First, the Seventh Circuit defined "material" to mean evidence that "creates a reasonable probability that the Commissioner would have reached a different conclusion." *Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015). That definition cannot survive the amendment. If applied to the new regulation, it would render the second and fourth requirements duplicative.

---

[1] Again, the old regulation framed the fourth requirement as asking whether the "ALJ's opinion was 'contrary to the weight of the evidence,' in light of the newly submitted evidence." (Doc. 19 at 15 (footnote omitted).)

Second, the Seventh Circuit interpreted the regulation as requiring the Council to undertake a two-step process: (1) determine whether the evidence is new, material, and time-qualifying; and (2) if it is, "evaluate the entire record including that new and material evidence" to determine whether the ALJ's "action appears to be contrary to the weight of the evidence." *Perkins v. Chater*, 107 F.3d 1290 (7th Cir. 1997). Under the *Perkins-Stepp* line of cases, the first step was a reviewable legal judgment; the second, a discretionary balancing inquiry. (Doc. 19 at 16–17.)

The Court's February 23 Opinion concluded that *Stepp*'s definition of "material" could not survive the amendment. (Doc. 19 at 23.) In line with the regulation's text and the Social Security Administration's internal guidance, the Court interpreted "material" to mean simply "relevant." (Doc. 19 at 23.) And the Court found that the "reasonable probability" inquiry set forth in the new regulation was, in essence, a different way of asking whether the ALJ's decision was contrary to the weight of the evidence—a question *Stepp* and *Perkins* held unreviewable. Edward now argues that it is "immaterial" (pun intended) whether the new regulation sought to incorporate the Seventh Circuit's definition of "material." (Doc. 21 at 2.) His core objection is narrower: *Stepp* held that courts may review the Appeals Council's determination that new evidence is not likely to change the outcome. (Doc. 21 at 2–3.) Since that was the basis for the Appeals Council's denial here, it is reviewable.

The argument has some force, but this Court is not convinced. Edward's objection treats *Stepp* as virtually unscathed by the new regulation. But both aspects of *Stepp* cannot be salvaged. Either the Court retains *Stepp*'s definition of material

and collapses the two-part inquiry,[2] or the Court retains the two-part inquiry and dispenses with *Stepp*'s definition of material. Three reasons support retaining the two-part inquiry. First, the text of 42 U.S.C. § 405(g) contemplates judicial review of only one unified decision of the Social Security Commissioner. Second, *Stepp*'s definition of material rested on a case that expressly disclaimed it. And third, decades of Seventh Circuit caselaw holds that the Appeals Council retains a great deal of discretion whether to exercise review.

First, the Social Security Act's text defines—and limits—the judicial role in disability adjudication. "[A]fter any final decision of the Commissioner of Social Security," claimants may "obtain review of *such decision*" in federal district court. 42 U.S.C. § 405(g) (emphasis added). The Commissioner makes many decisions throughout the disability adjudication process. But the only decision subject to judicial review is the *final* one. When the Appeals Council denies review, the ALJ's decision—not the Council's—becomes the Commissioner's "final" decision. *See* 24 C.F.R. § 416.1481; *Damato v. Sullivan*, 945 F.2d 982, 988–89 (7th Cir. 1991). Edward's interpretation of *Stepp* would allow this Court to review both decisions and,

---

[2] One case, *Goratowski*, described the two-party inquiry as the "form of *Stepp*'s holding (step one is reviewable; step two is not)" and concluded that it does not "survive . . . the intervening change in language" brought about by the 2017 amendment. 2022 WL 11054083, at *5. The real question is what portion to dispense with: the reviewability of the materiality determination (as *Stepp* defined that term) or the "form" of its holding. This Court opted to retain the form; Edward would prefer the Court dispense with the form and retain the definition of material. Notably, *Goratowski* observed that there is "nothing inherently ridiculous about mapping *Stepp*'s holding onto the revised steps one and two," particularly because the HALLEX "resolves any latent ambiguity" about whether the "reasonable probability" language amounts to a denial at step one. *Id.* at *6 n.1. With the utmost respect for our learned colleagues in the Eastern District of Wisconsin, this Court believes that mapping *Stepp*'s holding onto the amended regulation is not only "not inherently ridiculous," but more faithful to the regulation's text and relevant Seventh Circuit precedent.

in doing so, expand the scope of review beyond what the Act authorizes. But this Court does not derive its power from the interpretation of circuit precedent in Edward's brief; it derives it from the text Congress enacted. *See United States v. Long*, 324 F.3d 475, 483 (7th Cir. 2003).

Second, *Stepp*'s definition of material evidence relied on a false premise. In defining "material" under the Appeals Council regulation, *Stepp* borrowed from an earlier case—*Perkins*—that expressly contrasted the definition of "material" under the regulations with the definition of "material" under 42 U.S.C. § 405(g). (Doc. 19 at 17–18.) In other words, *Perkins* says: this definition of material does not apply to Appeals Council review. But *Stepp* borrowed it anyway. Standing alone, that minor oversight would mean little. But it fundamentally contorts the amended regulation. Retaining *Stepp*'s definition of material renders the fourth requirement of § 416.1470(a)(5) wholly redundant—a result the text cannot bear. Were the Seventh Circuit to revisit the amended regulation, it would likely revisit that definition too.

Third, *Stepp*, *Perkins*, and other Seventh Circuit decisions squarely hold that the Appeals Council exercises unreviewable discretion when faced with new evidence. *See, e.g.*, *Perkins*, 107 F.3d at 1294; *Eads v. Sec. of Dep't of Health & Hum. Servs.*, 983 F.2d 815, 817 (7th Cir. 1993). This must be so: The question whether new evidence has a "reasonable probability to change the outcome" (or whether it renders the ALJ's decision "contrary to the weight of the evidence") requires a thorough examination of the ALJ's decision, the old record, and the new evidence. When the Appeals Council conducts that inquiry but does not explain its rationale (it is not

required to), judicial review becomes a misnomer because there is nothing to review; courts must instead perform the analysis in the first instance—a de novo inquiry the Social Security Act expressly forbids. *See* 42 U.S.C. § 405(g); *see also Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

Edward is not without recourse. Sentence six of § 405(g) contains an express provision for dealing with new evidence. "A reviewing court may order additional evidence to be taken before the Commissioner upon a showing that there exists 'new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Schmidt v. Barnhart*, 395 F.3d 737, 741–42 (7th Cir. 2005) (quoting 42 U.S.C. § 405(g)). Thus, Edward is free to request a sentence-six remand—he need only show that new, material evidence exists and that good cause justifies his failure to offer it earlier. But Edward did not try to make that showing. Instead, he asked the Court to overturn the Appeals Council's treatment of his new evidence. For the reasons discussed, the Court lacks power to second-guess that determination.

Finally, Edward argues that the Court made a manifest error not of law but of fact. He suggests that the Appeals Council's statement that it "did not exhibit" his new evidence proves that the Council found the evidence "did not meet the requirements" of 20 C.F.R. § 416.1470(a)(5). (Doc. 21 at 5.) This argument begs the obvious question: *what* requirements? The first three requirements of § 416.1470(a)(5) are reviewable legal judgments; the fourth and final requirement is an unreviewable discretionary one. The failure to exhibit the evidence therefore sheds

6

no light on which ground the Council invoked to deny review. What *does* shed light on that question, however, is the Appeals Council's explicit statement that the evidence "did not show a reasonable probability that the additional evidence would change the outcome of the decision." That statement shows precisely why the Council denied review. And for all the reasons discussed, that determination is unreviewable.

## CONCLUSION

Accordingly, Edward's Rule 59(e) Motion to Alter or Amend Judgment is DENIED.

*So ordered.*

Entered this 31st day of March 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge